BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
LISA J. LINDHORST (Cal. Bar No. 305399)
Assistant United States Attorney
    Ronald Reagan Federal Bldg. & U.S. Courthouse
    411 West Fourth Street, Suite 8000
    Santa Ana, California 92701
    Telephone: 714-338-3537
    Facsimile: 714-338-3708
    E-mail: LLindhorst@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

MAY 13 2025

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>HAMZA DOOST,<br><br>       Defendant. | No. 8:25-mj-00389-DUTY<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1.    Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐    a.    present offense committed while defendant was on release pending (felony trial),

☐    b.    defendant is an alien not lawfully admitted for permanent residence; and

☐    c.    defendant may flee; or

☐ d. pose a danger to another or the community.

☒ 2. Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

☒ a. the appearance of the defendant as required;

☒ b. safety of any other person and the community.

☐ 3. Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

☐ a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

☐ b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐ 4. Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

☐ a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

2

☐ e.  any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒ f.  serious risk defendant will flee;

☐ g.  serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐ 6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//
//

4

☐  7.  Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: May 13, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       LINDSEY GREER DOTSON
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                       _____
                                       LISA J. LINDHORST
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

5